UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT JENKINS and, | ) | |
| RHONDA ALEXANDROPOULOS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1494 SNLJ |
| | ) | |
| BRUCE BURKEY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. Plaintiffs included as defendants two law firms, the Taylor Law Firm, P.C and Lewis Roca Rothgerber LLP.

1

Defendant Taylor Law Firm is a professional corporation that plaintiffs allege is "located" in Illinois. Corporations are citizens of every state by which it has been incorporated and also in the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiffs do not allege either Taylor Law Firm's state of incorporation or its principal place of business.

Plaintiffs state that Lewis Roca Rothgerber LLP is "located" in Nevada. The Eighth Circuit has held that unincorporated entities such as LLPs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for the LLP defendant, the Court must examine the citizenship of each member of that entity to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of the defendant LLP.

Accordingly,

**IT IS HEREBY ORDERED** that, by February 26, 2016, plaintiff shall file an amended complaint in accordance with this memorandum, setting forth the place of incorporation and principal place of business of Taylor Law Firm, P.C. and the members of Lewis Roca Rothgerber LLP and the citizenship of each of those members.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this ___12th___ day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE