UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT JENKINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:15-cv-01494 SNLJ |
| | ) | |
| BRUCE BURKEY, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Scott Jenkins and Rhonda Alexandropoulos brought this lawsuit against defendants Bruce Burkey and the Taylor Law Firm, P.C. (collectively, the "TLO defendants") and Joice Bass, Jennifer Hostetler, and Lewis Roca Rothgerber LLP (collectively, the "LRRC defendants") seeking damages for alleged torts relating to defendants' involvement in a prior lawsuit. This matter is before the Court on defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) (#31, #34). At the outset, the Court notes that the plaintiffs are prosecuting this case pro se. However, only plaintiff Jenkins has responded to the motions.

I.     **Background**

This litigation arises from a prior lawsuit plaintiff Jenkins filed against his daughters in Nevada to regain control of a family-owned company in Nevada (the "Nevada Lawsuit"). In that lawsuit, Jenkins' daughters retained defendants Bass and Hostetler of the Nevada law firm Lewis Roca Rothgerber Christie LLP as their attorneys.

1

In addition, plaintiff Jenkins' daughters retained defendant Burkey of the Taylor Law Firm, P.C. in Illinois.

At the time relevant to this lawsuit, defendants Bass and Hostetler lived and worked in Nevada for LRRC, a law firm headquartered in Arizona with offices in Nevada, California, Colorado, and New Mexico. LRRC is a limited liability partnership, and none of its members are citizens of Missouri. Defendant Burkey, at all times relevant to this lawsuit, lived and worked in Illinois for TLO, a law firm headquartered in Effingham, Illinois, with offices in Springfield, Illinois, and Flora, Illinois.

Plaintiffs have now brought a variety of claims against the named attorneys and law firms, which all relate to the defendants' work representing their clients opposite plaintiff Jenkins in the Nevada Lawsuit. These claims include intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with a prospective economic advantage, defamation, negligent supervision, and breach of contract. Plaintiffs have also alleged that defendants committed fraud, fraudulent misrepresentation, conspiracy, theft, the unauthorized practice of law, illegal possession of personal credit file information, violating the Illinois Consumer Fraud and Deceptive Business Practice Act, blackmail, extortion, coercion, mail fraud, and sending threatening communications by mail. Plaintiffs also allege that defendants Bass and Hostetler illegally filed or threatened to file *lis pendens* in Illinois and Missouri. A copy of the *lis pendens* was attached to plaintiffs' "Objection" to the LRRC defendants' motion to dismiss.

## II. Legal Standard

Defendants move to dismiss plaintiffs' lawsuit for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must state sufficient facts that the defendants can be subjected to jurisdiction within the state.'" *Dever v. Hentzen Coatins, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.,* 495 F.2d 256, 259 (8th Cir. 1974)) (alteration in original). In a diversity action, a federal court "may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Dever*, 380 F.3d at 1073 (quoting *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991)). The Eighth Circuit recommends that courts undertake separate analyses of each area. *Myers v. Casino, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012).

## III. Discussion

### A. Missouri's Long-Arm Statute

Missouri's long-arm statute authorizes personal jurisdiction over a non-resident defendant who commits a "tortious act within [Missouri]." § 506.500.1(3) RSMo. Missouri courts have construed the long-arm statute to include "extraterritorial acts of negligence producing actionable consequences in Missouri." *Myers*, 689 F.3d 904 at 910 (quoting *State ex rel. William Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 139 (Mo. 1987)). The standard for "evaluating whether jurisdiction is appropriate over a tortious act occurring in another state with actionable consequences in Missouri" is

foreseeability. *Id*. at 911. "If a defendant reasonably can foresee that his or her negligent actions would have consequences in Missouri, jurisdiction is authorized." *Id.*

Here, all of the conduct alleged by plaintiffs occurred in Nevada and Illinois. Moreover, the alleged conduct arose out of exchanges between Nevada and Illinois lawyers in the course of handling a lawsuit in Nevada. Plaintiffs have not shown that any tortious conduct took place within Missouri. Plaintiffs have alleged that Bass and Hostetler filed *lis pendens* on two pieces of Illinois real estate, not Missouri real estate. Furthermore, although plaintiffs allege that Bass and Hostetler threatened to file "illegal" *lis pendens* in Missouri, it was never actually filed or recorded. Additionally, plaintiffs have not alleged that any actionable consequences of the alleged conduct occurred in Missouri, nor have plaintiffs alleged that defendants could have foreseen that their alleged actions would have consequences in Missouri. Therefore, the exercise of personal jurisdiction is not proper under Missouri's long-arm statute.

### B. The Due Process Clause

Even if personal jurisdiction over the non-resident defendants were authorized by Missouri's long-arm statute, the exercise of jurisdiction must also comport with the Due Process Clause of the Fifth Amendment. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). The Due Process Clause requires "minimum contacts" with the forum state for personal jurisdiction to be exercised. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Contacts with the forum state must be sufficient so as not to "offend traditional notions of fair play and substantial justice." *Id*. "The 'substantial connection' between the defendant and the forum State necessary for a

finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Super. Ct. of California.*, 480 U.S. 102, 112 (1987) (internal citations omitted).

The Eighth Circuit has developed a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Myers,* 689 F.3d at 911. The five factors are: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id*. Although the first three factors are "primary factors" and the last two factors are "secondary factors," courts must look at all of the factors in the aggregate and consider the totality of the circumstances to determine whether personal jurisdiction exists. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

The first two factors, the nature and quality of the contacts with the forum state and the quantity of those contacts, weigh in favor of defendants. The only link between the defendants and Missouri is the fact that they once represented clients in the Nevada Lawsuit that happened to be initiated by other Nevada lawyers on behalf of a Missouri resident. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Fastpath, Inc. v. Arbela Techs. Corp.,* 760 F.3d 816, 823 (8th Cir. 2014). Thus, the first two factors weigh in favor of defendants.

The third factor, the relationship of the contacts with the cause of action, distinguishes between specific and general personal jurisdiction. *Myers*, 689 F.3d at 911. General jurisdiction exists when a defendant's contacts with the forum state are so

5

"continuous and systematic" that a defendant may be subject to suit in the state for actions unrelated to the defendant's in-state activities. *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.* 975 F. Supp. 2d 993, 999 (E.D. Mo. 2013); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction, on the other hand, may be found when a non-resident defendant "'has purposefully directed [its] activities at [Missouri] residents,' and the claim of this suit either 'arises out of' or 'relates to' these activities." *Lakin v. Prudential Sec.*, 348 F.3d 704, 707 (8th Cir. 2003) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, the parties appear to agree that general jurisdiction is not present. Furthermore, plaintiffs have not alleged sufficient facts that this Court may exercise specific jurisdiction over defendants. When a plaintiff's action involves an alleged intentional tort, the Eighth Circuit applies the "*Calder* effects test" to determine whether courts have specific jurisdiction. *Arden*, 614 F.3d at 797; *see Calder v. Jones*, 465 U.S. 783, 789-90 (1984). The "effects" test requires that a plaintiff show that "the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state]." *Arden*, 614 F.3d at 796 (citation omitted). The *Calder* test requires the consideration of the three factors in addition to the Eighth Circuit's five-factor test. *Arden*, 614 F.3d at 797.

Plaintiffs have alleged that defendants are liable for a number of claims involving intentional acts, such as sending e-mail, U.S. mail, and drafting and filing legal documents, all in furtherance of the fraudulent deception and material representations

6

made throughout the Nevada Lawsuit. According to plaintiffs, defendants' conduct was intended to inflict severe emotional distress, and defendants knew that the alleged fraudulent deception and material misrepresentations would cause severe emotional distress to plaintiffs. Plaintiffs assert that defendants knew that the loss of contact between Jenkins and his daughters would cause Jenkins severe emotional distress. Plaintiffs further claim that they suffered mental distress, humiliation, anguish, and emotional and physical injuries as a result of the alleged conduct.

Accepting plaintiffs' allegations as true, the Court concludes that plaintiffs make a prima facie showing with respect to the first and third *Calder* factors, namely, that the defendants acted intentionally and that the defendants knew the plaintiffs would feel the effects in the forum state. However, "[a]lthough the first and third factors of the *Calder* test are pertinent, those factors are rarely dispositive." *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993, 1004 (E.D. Mo. 2013). "[A]bsent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Arden*, 614 F.3d at 797. The Eighth Circuit construes the *Calder* test narrowly, and, regarding the second factor, "holds that the tortious act must be expressly aimed at the forum." *N.C.C. Motorsports*, 975 F. Supp. 2d at 1004 (citing *Johnson*, 614 at 797); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011). The allegations here do not indicate that defendants' actions were so targeted. Plaintiffs have not shown that defendants targeted Jenkins or the state of Missouri. In fact, the conduct alleged was ancillary to the Nevada Lawsuit, which Jenkins himself initiated.

7

Although plaintiffs allege that defendants Bass and Hostetler "illegally" filed or threatened to file a *lis pendens* in Missouri and Illinois, that *lis pendens* was never filed or recorded in Missouri. Even if the unfiled *lis pendens* was communicated to Jenkins by his own Nevada lawyer, the document does not create jurisdiction over defendants. Merely corresponding with a Missouri resident directly is insufficient to establish personal jurisdiction, much less indirectly, as here. *See Viasystems, Inc.*, 646 F.3d at 594 ("[I]ncidental contacts with Missouri—scattered e-mails, phone calls, and a wire transfer of money to [the plaintiff] in Missouri—do not constitute 'deliberate' and 'substantial connection' with the state such that [the defendant] could 'reasonably anticipate being haled into court there.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 461, 474-75 (1985); *see also Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1103 (8th Cir. 1996) ("Telephone calls—numbering at least 100— . . . are insufficient, alone, to confer personal jurisdiction."). Defendants' mere communications therefore do not allow the Court to exercise specific personal jurisdiction over them. Thus, the third factor of the Eighth Circuit test weighs in favor of defendants.

The Court also agrees with defendants that the last two factors of the Eighth Circuit test, the state's interest in providing a forum for its residents and convenience to the parties, do not weigh in favor of plaintiffs. Although Missouri has an interest in providing a forum for its residents, the Eighth Circuit has instructed that this interest "cannot make up for the absence of minimum contacts." *Digi-Tel Holdings v. Proteq Telecomms*, 89 F.3d 519, 524 (8th Cir. 1996). Furthermore, although the proceedings in Missouri may be more convenient for the plaintiffs, the relative burden on the five out-of-

state parties of having to defend against claims in another state, based on alleged acts that occurred in Nevada and Illinois, far outweighs the slight benefit to the plaintiffs. Significantly, plaintiff Jenkins did not find it too inconvenient to initiate the underlying lawsuit in Nevada. Therefore, the fourth and fifth factors weigh in favor of defendants.

Looking at the five factors in the aggregate and considering the totality of the circumstances, the Court concludes that the defendants' contacts with Missouri are insufficient to support this Court's exercise of personal jurisdiction over defendants in accordance with the Due Process Clause.

### IV. Conclusion

Based on the foregoing, the Court finds that plaintiffs have failed to allege sufficient facts that the Court may assume personal jurisdiction over defendants under Missouri's long-arm statute and the Due Process Clause. The matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint (#31, #34) are **GRANTED**.

Dated this  21st  day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE